## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LESLIE A. HARDEN,
        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
DA-0752-15-0597-I-1

DATE: January 6, 2017

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leslie A. Harden, Dallas, Texas, pro se.

Letha Miller, Denver, Colorado, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The agency imposed the appellant's removal on the basis of one charge of excessive absence. Initial Appeal File (IAF), Tab 5 at 28-31. She filed the instant appeal challenging her removal and requested a hearing. IAF, Tab 1. After holding the appellant's requested hearing, the administrative judge sustained her removal, finding that she had failed to establish her affirmative defense of disability discrimination based upon the agency's alleged failure to accommodate her. IAF, Tab 22, Initial Decision (ID). The appellant has filed a

petition for review,[2] and the agency has responded.  Petition for Review (PFR) File, Tabs 1, 5.

¶3       On review, the appellant challenges the agency's charge by stating that the agency prevented her from identifying a date when she could have returned to work and from proving that she had identified such a date.[3]  PFR File, Tab 1 at 11.  Despite these assertions, the appellant still has not shown that there was a date when she could have resumed a regular work schedule.  IAF, Tab 5 at 51-68.  Thus, even if the agency interfered with the appellant's ability to identify her own anticipated return date at the time, such a date would not have been supported by the evidence.  Accordingly, we agree that the agency proved its charge of excessive absences because the appellant was absent due to illness such that the agency's approval or disapproval of leave was immaterial; the absences continued beyond a reasonable time; the agency warned her that an

---

[2] Although the appellant's petition for review presents a timeliness issue, we find that the appellant has shown good cause for the delay in filing.  *See* 5 C.F.R. §§ 1201.12, 1201.114(f) (the Board will waive its filing deadline only upon a showing of good cause for the delay in filing); *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014) (to establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case).  Under the circumstances set forth in the appellant's statement, signed under penalty of perjury, we find that the appellant, an e-filer, exercised due diligence under the particular circumstances present in this case.  *See* PFR File, Tab 1 at 3, 6-10, 14-15, Tab 3 at 4.  Therefore, we find that the appellant has shown good cause for the delay in filing.  *See Salazar v. Department of Army*, 115 M.S.P.R. 296, ¶¶ 6-8 (2010) (excusing a filing delay when the appellant alleged that he attempted to electronically file his petition for review on time and the e-Appeal system showed that the appellant had, in fact, accessed the system prior to the date that his petition was due and once he became aware that his petition had not been filed, the appellant contacted the Board and submitted a petition for review that included an explanation of his untimeliness).

[3] The appellant has submitted evidence on review in the form of correspondence with an attorney.  PFR File, Tab 1 at 22-62.  We have not considered this evidence because it is not new in that it was not unavailable when the record was closed below despite the party's due diligence and it is not material in that the appellant has not explained why she believes that it warrants an outcome different from that of the initial decision.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).

adverse action could be taken unless she could become available for duty on a regular full-time or part-time basis; and the position needed to be filled on a regular, full-time or part-time basis. ID at 4-9; IAF, Tab 5 at 51-68, 251; *see Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 31 (2014) (identifying the elements of proof for a charge of excessive absences).

¶4        The appellant next asserts that the agency treated her unfairly, including by not allowing her to adjust her schedule or to telework and that the administrative judge incorrectly found that she failed to participate in the reasonable accommodation process. PFR File, Tab 1 at 4, 12. The administrative judge found that the appellant did not submit evidence that she could perform the essential functions of her position by teleworking full time and that, to the contrary, agency officials testified that her position required personal interaction that was not suitable for telework. ID at 12. She also noted that the proposing official testified that he would have considered a modified schedule for the appellant. ID at 6; IAF, Tab 21, Hearing Compact Disc. However, she found that, although the appellant verbally requested an accommodation, she failed to specify the type of accommodation that she needed and did not submit documentation in support of her request. ID at 11-12; IAF, Tab 5 at 47-49.

¶5        We agree with the administrative judge that the appellant failed to establish her affirmative defense of disability discrimination because she did not show that she is a qualified individual with a disability who could perform the essential functions of her job, such as the required personal interaction, with or without accommodation. *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 11 (2014); ID at 12. Additionally, the appellant has not provided a basis to disturb the administrative judge's finding that she failed to participate in the interactive process, and thus this finding also precludes her from establishing disability discrimination as an affirmative defense. *White v. Department of Veterans*

*Affairs*, [120 M.S.P.R. 405](#), ¶ 12 (2013).    Accordingly, we find no basis for disturbing the initial decision.[4]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) ([5 U.S.C. § 7702](#)(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

---

[4] The appellant asserts that she has experienced a history of disparate treatment, hostile working conditions, and equal employment opportunity violations.  PFR File, Tab 1 at 17.  Based upon the administrative judge's summaries of telephonic status conferences, we have considered these arguments in the context of the appellant's disability discrimination claim and not as separate claims. *See Booker v. Department of Veterans Affairs*, [110 M.S.P.R. 72](#), ¶ 11 n.3 (2008); IAF, Tabs 13, 17.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.



FOR THE BOARD:                    _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.